■ In the Matter of the Arbitration between AIS, LTD., Respondent, and AVIATION INVESTORS INTERNATIONAL GROUP, LTD., Respondent-Appellant. REDWOOD INVESTMENT CORP., Appellant-Respondent, and SWALLOW AVIATION LTD., Respondent, et al., Respondent. [774 NYS2d 512]—

Order, Supreme Court, New York County (Marcy Friedman,

J.), entered December 11, 2002, to the extent it denied so much of the cross petition of respondent Aviation Investors International Group (AIIG) seeking modification of the arbitration award and granted petitions to confirm the award, but granted the cross petitions of AIIG and Blackbird Aviation Ltd. to stay enforcement of the award to respondent Redwood Investment Corp., unanimously modified, to vacate the stay and, except as thus modified, affirmed, with costs and disbursements to petitioner-respondent AIS, Ltd., respondent-appellant-respondent Redwood Investment Corp. and respondent-respondent Swallow Aviation Ltd., payable by Aviation Investors International Group, Ltd.

There are no apparent miscalculations or mistakes in the arbitration award. Contrary to AIIG's contention, the issue of the specific amounts owed to Redwood, to petitioner and to respondent Swallow Aviation was properly ruled upon by the arbitration panel, where significant evidence on the issue was presented and not contested by AIIG (*see Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 307 [1984]).

After confirming the award, Supreme Court stayed enforcement pending resolution of a related federal action. Following entry of Supreme Court's order, Redwood successfully moved in this Court to require AIIG to post a bond as a condition of the stay. The bond was never posted and the stay lapsed. The issue of the propriety of granting the stay, however, is not rendered moot, as argued by AIIG, since the claim of double payment is, we are advised, now being asserted by Campinas Stiftung, AIIG's alter ego, in a pending action in the United States District Court for the Southern District of New York. This was the basis for the issuance of the stay. It was never raised at the arbitration hearing and, needless to say, the award, which has now been confirmed, does not speak of a defense of payment. Although AIIG attempted to reopen the hearing on the basis of the claim as constituting newly discovered evidence, the panel rejected the application on the ground that the information was available to AIIG at the time of the hearing and should have been presented. While the arbitrators stated that "[t]his and other issues can best be raised in another forum when the three parties attempt to enforce their award," we hold that Supreme Court's grant of the stay violated the settled principle that once a judgment is entered in an action to recover a debt, the judgment debtor may not raise payment made prior to judgment as a defense to enforcement of the judgment in a subsequent action when such payment could have been raised in the action to recover the debt (*see e.g. Binck v Wood*, 43 Barb 315 [1864];

*Loomis v Pulver*, 9 Johns 244 [1812]; *see also* 82 NY Jur 2d, Payment and Tender § 112).

We have considered the parties' remaining contentions for affirmative relief, and find them unavailing. Concur—Nardelli, J.P., Andrias, Sullivan and Lerner, JJ.